IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 111-360 |
| | * | |
| HUGO DIAZ a/k/a HUGO DIAZ DE LA | * | |
| FUENTE and BLANCA DIAZ a/k/a | * | |
| BLANCA ESTELA MIRANDA VARGAS. | * | |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on November 2, 2011, a Federal Grand Jury sitting in the Southern District of Georgia returned an Indictment against Defendants Hugo Diaz, a.k.a. Hugo Diaz De La Fuente, and Blanca Diaz, a.k.a. Blanca Estela Miranda Vargas (collectively, the "Defendants").

WHEREAS, the Indictment sought forfeiture pursuant to 18 U.S.C. § 982(a)(6) and 8 U.S.C. § 1324(b), which allowed for the forfeiture of any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses, any and all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offenses, and all property, real or personal, that was used to facilitate, or was intended to facilitate the commission of the offenses, and pursuant to 18 U.S.C. § 982(a)(1), which allows for the forfeiture of any property, real or personal, involved in violations

1

of 18 U.S.C. § 1956(h) and 1957, and any property traceable to such property.

WHEREAS, Defendant Hugo Diaz pled guilty pursuant to a written plea agreement to Count One of the Indictment, charging him with Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). (Doc. 75.)

WHEREAS, Defendant Blanca Diaz pled guilty pursuant to a written plea agreement to Count One of an Information, charging her with Unlawful Entry by an Alien and Eluding Immigration Officials, in violation of 8 U.S.C. § 1325(a). (Doc. 107.)

WHEREAS, Defendant Hugo Diaz was the owner and operator of Metz Street, LLC. (Doc. 139, at 15 n.14.)

WHEREAS, pursuant to their plea agreements, Defendants Hugo Diaz and Blanca Diaz agreed to forfeit to the United States the below-listed property (collectively, "the Subject Property"):

**REAL PROPERTY**

1.  **2021 Grace Avenue, Evans, Georgia**

    Legal description: All that lot or parcel of land with improvements thereon, situate, lying and being in Columbia County, Georgia, being known and designated as Lot 11, Block A of the Estates at Jones Creek as shown on a plat prepared by Star Survey, Inc. dated May 4, 2006, recorded December 29, 2006 in plat Cabinet F, Slide 31 #2, in the Clerk of Superior Court of Columbia County, Georgia. Reference is hereby made to said plat for a more complete and accurate description of metes, bounds and location of said property;

2

2. **109 Clark Street Augusta, Georgia a/k/a 3301, 3303, 3305, 3307, 3309 and 3311 Blanca Blvd., Martinez, Georgia**

   Legal description: All that tract, parcel or lot of land, with improvements thereon, situate, lying and being in the 1269th D.G.M. of Richmond County, Georgia, adjoining the Martinez Terrace Subdivision. Said lot fronts 105 feet on the West side of Clark Street and extends back at right angles between parallel lines a distance of 208.05 feet. The Northwest corner of said lot of land being located at a point on the West side of Clark Street and extending back at right angles between parallel lines a distance of 208.05 feet. The Northeast corner of said lot of land being located at a point on the West side of Clark Street at a distance of 210.00 feet South of its intersection with Washington Road and being bounded on the North by lands now or formerly of Neeland, Pippen and Ayers; East by Clark Street; South by Lot 1 of Block 3 on a plat of Martinez Terrace Subdivision, which plat is recorded in the Office of the Clerk of Superior Court of Richmond County, Georgia in Realty Book 17-C, page 218; and West by property now or formerly of F. I McDonald and being the same lot of land conveyed to Harold L. Watson and Hattie L. Watson by Deed dated September 17, 1956, and recorded in the Office of the Clerk of Superior Court of Richmond Count, Georgia in Realty Book 25-W, page 587. An individual plat of the aforedescribed property made for James R. Franklin by M.W. Hall and Company Registered Surveyors, dated January 9, 1950, is recorded in the aforesaid Clerk's Office in Realty Book 17-N, page 248;

3. **Lots 8-13 and 16-19 in Green Acres Subdivision on Metz Drive, North Augusta, South Carolina (the "Green Acres Property")**

   Legal description: All those certain pieces, parcels and lots of land together with improvements thereon, situate, lying and being in the City of North Augusta, County of Aiken, State of South Carolina, being known and designated as Lots 8, 9, 10, 11, 12, 13, 16, 17, 18 and

19, Block M, Green Acres Addition Subdivision, as shown on a plat thereof prepared by M. W. Hall Company, dated May 12, 1951 and recorded in Misc. Book 34, page 296 in the Office of the RMC for Aiken County, South Carolina. Said plat is incorporated herein and made a part hereof and should be referred to for a more complete and accurate description as to the metes, bounds and courses of said parcels.

**CONVEYANCES**

1. 2011 Nissan Armada, VIN: 5N1BA0ND5BN620801, Georgia Plate Number BXB62371;

2. 2008 Lexus LS460 sedan, VIN: JTHBL46F785060759, Georgia Plate Number: BRK6048;

3. 2007 Porsche Cayman, VIN:WPOAA29867U763312, Georgia Plate Number BYUAWL;

4. 2008 Chevrolet C2500HD Silverado truck, VIN: 1GCHC23638F151770, South Carolina Plate Number: GVH277;

5. 2005 Hummer SUV, VIN: 5GRGN23U05H117417, South Carolina Plate Number: CRC532;

6. 2003 Chevrolet Express Van, VIN: 1GBJG31UX31102394, South Carolina Plate Number: CRC533;

7. 1999 Isuzu truck, VIN: 4KLC4B1R5XJ000672, South Carolina Plate Number: GYV242;

8. 1999 Chevrolet C-Series truck, VIN: 1GDJ6H1D9XJ853371, South Carolina Plate Number: P430043; and

9. 1999 Ford DRWF5D truck, VIN: 1FDAF56S1XEC55161, South Carolina Plate Number: P391982.

## MONEY

1. $23,922.97 from SunTrust Bank account #***********339;

2. $16,684.74 from SunTrust Bank account #***********347; and

3. $1,957.46 from SunTrust Bank account #***********321.

WHEREAS, on May 15, 2012, the Court sentenced Defendant Hugo Diaz, following his plea of guilty (Doc. 103), and entered a Consent Order of Forfeiture ("COOF"), that Hugo Diaz and Blanca Diaz had previously signed. (Doc. 105.) The COOF ordered that the Subject Property be forfeited to the Government.[1] The COOF also directed the Government to publish notice of forfeiture on its website and to provide written notice to any person who reasonably appeared to be a potential claimant of the Subject Property. (Id.)

WHEREAS, direct notice was sent by certified mail, return receipt requested, to all known interested third parties. (Docs. 111-116.) Specifically notice was sent to Maner Builders Supply Company, LLC; Augusta Ready Mix, Inc.; Southern Wholesale Supply Co., Inc.; Hardwood Floors & More, Inc.; Don Walker; Rodrigo Azofiefa; James Strickland; Jane C. Fuhrmann at Tournament Housing & Events, LLC; Toyota Financial Services; and the Children of Hugo Diaz (Hugo Abraham Diaz, Daniel Diaz, and Luis Enrique Diaz) on June 6, 2012, and June 13, 2012, providing notice of forfeiture of the Subject

---

[1] The Subject Property was subject to forfeiture pursuant to 18 U.S.C. § 1324(b) and 18 U.S.C. §§ 982(a), 1956(h), and 1957.

5

Property and directions for filing a Claim and Answer asserting an interest in same. (Docs. 111-117.)

WHEREAS, notice of criminal forfeiture was posted on the official government website (www.forfeiture.gov) for thirty (30) consecutive days, beginning on June 20, 2012, and ending on July 19, 2012, as required by 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure. (Doc. 126.) Additionally, the Government filed an Affidavit of Publication evidencing such publication. (Id.)

WHEREAS, of the third parties who were sent direct notice, six (6) filed petitions claiming an interest in the Subject Property. Specifically, Claims were filed by Maner Builders Supply Company, LLC; Augusta Ready Mix, Inc.; Southern Wholesale Supply Co., Inc.; Hardwood Floors & More, Inc.; Don Walker; and Rodrigo Azofiefa, asserting interests in assets included in the Subject Property of the COOF. (Docs. 118-123.)

WHEREAS, the Government filed a Motion to Dismiss the third parties' ancillary petitions on July 30, 2012. (Doc. 124.)

WHEREAS, third party petitioner Maner filed a Response objecting to the Government's Motion to Dismiss on August 11, 2012 (Doc. 127), and the Government filed a reply on August 22, 2012. (Doc. 132.)

WHEREAS, the remaining five (5) petitioners Augusta Ready Mix, Southern Wholesale, Hardwood Floors, Walker, and Azofiefa moved for

an Extension of Time to respond to the Government's Motion to Dismiss on August 18, 2012 (Doc. 129), which the Court granted such extension with a September 26, 2012 expiration date. (Doc. 131.)

WHEREAS, petitioners Augusta Ready Mix, Southern Wholesale, Hardwood Floors, Walker, and Azofiefa did not respond to the Government's Motion to Dismiss. (Doc. 139.)

WHEREAS, on August 30, 2012, after the deadline for filing a Petition had passed, Lexus Financial Services filed an untimely Claim asserting an interest in a portion of the Subject Property, specifically the 2008 Lexus LS460, VIN number JTHBL46F785060759, which was included in the COOF. (Doc. 133.)

WHEREAS, on January 14, 2013, the Government's Motion to Dismiss the third parties' ancillary petitions was granted in part by the Court. (Doc. 139.) Specifically, the Court dismissed with prejudice the Claims of Augusta Ready Mix, Southern Wholesale, Hardwood Floors, Walker, and Azofiefa for lack of standing as unsecured creditors. (Docs. 120-123.) Likewise, the Claim for the Lexus was dismissed with prejudice for lack of timeliness. (Doc. 133.)

WHEREAS, the Court gave Maner fourteen (14) days from the Order of January 14 to file an amended Claim evidencing that Maner had perfected and enforced a mechanic's lien pursuant to the requirements of S.C. Code Ann. § 29-5-10. (Doc. 139.) Specifically, Maner's timely filing of a *lis pendens* in compliance with S.C. Code. Ann.

7

§ 29-5-120 was required to be established before the Court would address his status as that of a secured creditor. (Id.)

WHEREAS, with the exception of the Green Acres Property in which Maner asserted an interest, the Government was granted clear title to the remaining property included in the COOF, with authority to warrant good title to any subsequent purchaser or transferee. The Court acknowledged that interest in the remaining asset, the Green Acres Property, would be addressed following the filing of an amended Claim by Maner, the only remaining petitioner. (Id.)

WHEREAS, Maner filed an Amended Claim on January 17, 2013, evidencing its compliance with the perfection and enforcement requirements of S.C. Code Ann. § 29-5-10, necessary for Maner's status to be that of a secured creditor. (Doc. 140.)

WHEREAS, the Government and Maner entered into a Settlement Agreement on March 1, 2013, which fully satisfied and settled Maner's interest in the Green Acres Property. (Doc. 141.)

WHEREAS, the Settlement Agreement provided that upon entry of a Final Order of Forfeiture ("FOOF") forfeiting the Green Acres Property to the Government, the Government would market and sell Lots 8-13 and 16-19 in Green Acres Subdivision on Metz Drive, North Augusta, South Carolina, in a commercially reasonable manner for a price that will satisfy any and all liens, including but not limited to mortgages, secured liens, city and county tax liens, as well as all of the sale and administrative expenses associated with marketing

and selling the Property. (Id.) Once the Property is sold, Maner shall receive the first $25,000.00 from the net proceeds (after the satisfaction of any superior liens mentioned above) of the sale of the Property. (Id.)

WHEREAS, the Settlement Agreement provided the $25,000.00 payment to Maner shall be in full settlement and satisfaction of any and all claims by Maner to the Property, including all claims resulting from the incidents or circumstances given rise to the forfeiture proceedings. (Id.)

WHEREAS, in consideration of the terms of the Settlement Agreement, Maner agreed to immediately execute and file a lien termination or cancellation of the Mechanic's Lien filed on the Green Acres Property on November 15, 2011. Additionally, Maner agreed to withdraw its Claim of Interest filed on June 20, 2012. (Doc. 118.) Likewise, Maner agreed not to pursue any rights that it may have due under its Mechanic's Lien. (Doc. 141.)

WHEREAS, Maner and the Government both understand and agree, upon entry of the FOOF, all title and interest in the Property vests in the Government, and Maner waives any right to further litigate its interest in the Green Acres Property or to petition for remission or mitigation of the forfeiture. (Id.)

WHEREAS, the property located at 109 Clark Street Augusta, Georgia was renamed 3301, 3303, 3305, 3307, 3309 and 3311 Blanca Blvd., Martinez, Georgia. The Marshals have been collecting rents on

the property units since taking custody of said properties. All rental monies accrued are forfeited to, and are the property of the Government pursuant to the COOF. (Doc. 105.)

WHEREAS, all monies present as of August 24, 2012, in the escrow account maintained by River Realties Property Management for the 109 Clark Street (n/k/a Blanca Blvd.) rental units, are forfeited to the Government pursuant to the COOF. Those monies includes the August 24, 2012 amount present in the escrow account of $8,370.12, in addition to any and all further deposits and interest accrued in same. (Docs. 105, 133.)

WHEREAS, by virtue of the aforementioned COOF (Doc. 105) and this Court's prior Order (Doc. 139 at 15 n.14), Hugo Diaz, Metz Street LLC and Blanca Diaz have forfeited their interests in the Subject Property, including the Green Acres Property.

WHEREAS, all motions filed in this matter have been ruled on, and all interested third-party petitioners have been disposed of. (Doc. 139.) Likewise, the language of the COOF specifically provided that the Government shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period of time provided for in 21 U.S.C. § 853(n)(2). (Doc. 105.) Furthermore, the Settlement Agreement entered into by the Government and Maner (Doc. 141), causes all other interests in the Green Acres Property to be extinguished as

a matter of law, with all interests, title and rights to the Green Acres Property vesting in the Government.

WHEREAS, the Defendants agreed to waive the provisions of Federal Rules of Criminal Procedure 7(c)(2), 32.2, and 43(a) with respect to notice in the Indictment that the Government will seek forfeiture as part of any sentence in this case, and agreed that entry of this Order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. River Realties Property Management shall return all monies included in the escrow account as of August 24, 2012, for the property located at 109 Clark Street (Blanca Blvd.) to the custody of the United States Marshals Service, with an accounting of all expenditures.

3. The United States Marshals Service, upon sale of the Green Acres Property and satisfaction of all superior liens, shall distribute to Maner Builders Supply Company, LLC, the next

$25,000.00, if available, from the net proceeds pursuant to the Settlement Agreement.

4. The United States has clear title to all the Subject Properties as the Court has disposed of all third-party interests.

5. The Clerk of the Court shall forward four (4) certified copies of this order to Assistant U.S. Attorney Jeffrey J. Buerstatte, U.S. Attorney's Office, P.O. Box 8970, Savannah, Georgia 31412.

6. The Court will retain jurisdiction for ninety (90) days for the purpose of enforcing this Order.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of February, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA